UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

LAURA POLANCO,

                                        Plaintiff,

    -against-

CITY OF NEW YORK, ADAM GARGIR, Individually,
JOSE SANTORY, Individually, HOWARD ROTH,
Individually, MICHAEL CHAVARRIA, Individually,
LUIS MARTE, Individually, WILLIAM ESPOSITO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

14 CV 7986 (NRB)

<u>Jury Trial Demanded</u>

        Plaintiff LAURA POLANCO, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

        1.      Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

### VENUE

        4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMANDS

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff LAURA POLANCO is a twenty-four year old Hispanic-American woman legally residing in Bronx, New York

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants ADAM GARGIR, JOSE SANTORY, HOWARD ROTH, MICHAEL CHAVARRIA, LUIS MARTE, WILLIAM ESPOSITO, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

2

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On September 24, 2012, at approximately 3:00 a.m., in front of 1354 Merriam Avenue, Bronx, New York, defendant NYPD police officers ADAM GARGIR, JOSE SANTORY, HOWARD ROTH, MICHAEL CHAVARRIA, LUIS MARTE, and WILLIAM ESPOSITO participated in assaulting and battering plaintiff LAURA POLANCO, and/or falsely arresting her, and/or manufacturing false evidence against her.

13.     POLANCO was lawfully present at said location when defendant NYPD officers believed to include SANTORY, ROTH, CHAVARRIA, MARTE, and ESPOSITO, unjustifiably punched POLANCO in the face, repeatedly struck and kicked her on her back and body, slammed her head into the ground, and handcuffed her.

14.     Defendant officers imprisoned POLANCO in a police vehicle, and transported her to the 44th Police Precinct.

15.     When POLANCO arrived at the precinct, she asked a defendant officer, believed to be ROTH, why she had been arrested.

16.     In response, ROTH told POLANCO to shut up and maliciously squeezed POLANCO'S handcuffs tighter. POLANCO immediately complained that the handcuffs were too tight and were causing her severe pain.

17.     ROTH ignored POLANCO'S complaints and pushed POLANCO into a holding cell, imprisoning her in the cell while restrained by the over tight handcuffs.

3

18. POLANCO repeatedly requested that the defendant officers loosen and remove her handcuffs, and requested medical attention for her injuries.

19. Despite POLANCO'S requests and complaints, the defendant officers left POLANCO in the holding cell while restrained by over tight handcuffs for approximately nine hours, until approximately 12:45 p.m., when POLANCO was finally removed from the cell, her handcuffs were taken off, and she was fingerprinted.

20. At approximately 1:00 p.m., the defendant officers summoned medical treatment for POLANCO and she was transported to Lincoln Hospital Center, where she received treatment for injuries.

21. The defendant officers continued to imprison POLANCO until September 25, 2012, at approximately 8:00 p.m., when POLANCO was released following her arraignment in Bronx County Criminal Court on baseless charges filed under docket number 2012BX055578; said charges having been filed based on the false allegations of defendant ADAM GARGIR, who conspired with defendants JOSE SANTORY, HOWARD ROTH, LUIS MARTE, MICHAEL CHAVARRIA, and WILLIAM ESPOSITO to provide false information and evidence to the Bronx County District Attorney's Office.

22. The defendants false allegations, which resulted in POLANCO'S arrest and prosecution, included that: (a) POLANCO approached and joined other individuals in assaulting the defendant officers; (b) POLANCO jumped on SANTORY'S back and kicked and struck him; (c) POLANCO struck CHAVARRIA in the face with her elbow, and; (d) that the aforementioned conduct by POLANCO caused SANTORY, ROTH, and CHAVARRIA to suffer physical injuries.

4

23. Said false information and evidence was used against plaintiff and formed the basis of the criminal charges filed against plaintiff.

24. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for the abovementioned abuse of authority and acts of brutality.

25. Over the course of the next seventeen months, the malicious prosecution compelled plaintiff to return to Bronx Country Criminal Court on numerous occasions until March 4, 2014, on which date all the false allegations of the defendant officers were dismissed and sealed.

26. Defendants GARGIR, SANTORY, ROTH, CHAVARRIA, MARTE, ESPOSITO, and JOHN and JANE DOE 1 through 10 either directly participated in the use of force, false arrest, and malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

27. Defendant ESPOSITO, who held the rank of sergeant, supervised defendants GARGIR, SANTORY, ROTH, CHAVARRIA, MARTE, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the use of force, arrest and prosecution of plaintiff.

28. After her release from custody, plaintiff sought treatment at Montefiore Medical Center for continued pain to her left side and was diagnosed with, *inter alia,* a fracture of the anterior lateral left 8th rib.

29. All of the above occurred as a direct result of the unconstitutional policies,

5

customs or practices of the City of New York, including, without limitation, the falsification of evidence by police officers to justify the arrest and prosecution of innocent individuals, and their use of excessive force.

30. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, arrest individuals despite the absence of probable cause, and engage in a practice of falsification to cover up their abuse of authority.

31. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

32. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

33. As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of her constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs "1" through "33" with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff LAURA POLANCO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants arrested plaintiff LAURA POLANCO, without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

43. Defendants caused plaintiff LAURA POLANCO to be falsely arrested and unlawfully imprisoned.

44. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff LAURA POLANCO'S constitutional rights.

47. As a result of the aforementioned conduct of defendants, plaintiff LAURA POLANCO was subjected to excessive force and sustained physical and emotional injuries.

48. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants initiated, commenced and continued a malicious prosecution against plaintiff LAURA POLANCO.

51. Defendants caused plaintiff LAURA POLANCO to be prosecuted without probable cause until the charges were dismissed on or about March 4, 2014.

52. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants issued criminal process against plaintiff LAURA POLANCO by causing her arrest and prosecution in Bronx County Criminal Court.

55. Defendants caused plaintiff LAURA POLANCO to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority and acts of brutality, and thereby violated plaintiff's

right to be free from malicious abuse of process.

56. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

57. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58. Defendants created false evidence against plaintiff LAURA POLANCO.

59. Defendants utilized this false evidence against plaintiff LAURA POLANCO in legal proceedings.

60. As a result of defendants' creation and use of false evidence, plaintiff LAURA POLANCO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

61. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

64. The defendants failed to intervene to prevent the unlawful conduct described herein.

65. As a result of the foregoing, plaintiff was subjected to excessive force, her liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

66. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

69. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

72. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause and engaging in a practice of falsification to cover up their abuse of authority.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

74. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

12

75. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

76. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff LAURA POLANCO was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

77. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

78. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from excessive force;

    D. To be free from the failure to intervene;

    E. To be free from malicious prosecution; and

    F. To be free from malicious abuse of process.

79. As a result of the foregoing, plaintiff LAURA POLANCO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
April 2, 2015

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff LAURA POLANCO
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LAURA POLANCO,

                              Plaintiff,

                                                                                        14 CV 7986 (NRB)

      -against-

CITY OF NEW YORK, ADAM GARGIR, Individually,
JOSE SANTORY, Individually, HOWARD ROTH,
Individually, MICHAEL CHAVARRIA, Individually,
LUIS MARTE, Individually, WILLIAM ESPOSITO,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                              Defendants.

-----------------------------------------------------------------------X


## AMENDED COMPLAINT


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100